IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TONIA HARVEY                                                                     PLAINTIFF

V.                                           CIVIL ACTION NO. 1:16-CV-171-SA-DAS

GOLDEN DRAGON SOURCING LTD. CORP.,
SEVENTH AVENUE, INC.,
GUANGDONG KISENSE CO., LTD., and
NATIONAL QUALITY PRODUCTS, LLC                 DEFENDANTS

ORDER

Tonia Harvey filed her Complaint [1], and Amended Complaint [24] in this Court seeking damages from the manufacturer, sellers, and importers of a pressure cooker that she alleges exploded and injured her. Plaintiff Harvey has not yet served the manufacturer, Guangdong Kisense Co. The other Defendants, Golden Dragon Sourcing, Seventh Avenue, and National Quality Products filed a Motion to Dismiss [48] all of the Plaintiff's claims against them. In response, the Plaintiff filed a Second Amended Complaint [64]. In her Second Amended Complaint, the Plaintiff abandoned four of the five claims she previously asserted.

*Discussion and Analysis*

The Plaintiff's sole remaining claim alleges that the pressure cooker was defective. The crux of the moving Defendants' argument for dismissal is that the Plaintiff failed to allege a defect in the product with sufficient specificity as required for such claims under the Mississippi Products Liability Act, Mississippi Code Annotated § 11-1-63.[1]

---

[1] Although the Defendants' Motion to Dismiss [48] is styled as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) they acknowledge that Federal Rule of Civil Procedure 12(c) controls because at least two Defendants filed Answers prior to the Motion to Dismiss. *See* Answers [29, 33]. This Court reviews a Rule 12(c) motion for judgment on the pleadings using the same standards applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Phillips v. City of Dallas*, 781 F.3d 772, 775–76 (5th Cir. 2015) (citing *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010)).

A plaintiff's complaint "must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morelia*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)).

For a plaintiff to prevail on a design defect claim in Mississippi, she must prove the following elements, as summarized by the Mississippi Supreme Court, by a preponderance of the evidence:

> The danger presented by the product's design was known or should have been known to the manufacturer [or seller] (i.e., the danger was foreseeable); (2) the product failed to function as expected (as a result of a design characteristic); (3) an alternative design existed that would not impair the product's usefulness or desirability; and (4) the alternative design would have to a reasonable probability prevented the harm.

*Phillips 66 Co. v. Lofton*, 94 So. 3d 1051, 1060 (Miss. 2012) (quoting *Williams v. Bennett*, 921 So. 2d 1269, 1274 (Miss. 2006) (internal quotation marks omitted)); MISS. CODE ANN. § 11–1–63(a)(l)(i), (iii), (f)(i)-(ii).

The Plaintiff's design defect claim, as plead, satisfies the above standard because she alleges each element of a design defect claim under the MPLA. The Plaintiff alleges several defects

in the design of the pressure cooker, including defects in the steam release valve, the cooker lid, and the lid locking mechanism, and that the pressure cooker failed to function as expected. *See Austin v. Bayer Pharms. Corp.*, No. 5:13CV28, 2013 WL 5406589, at *5 (S.D. Miss. Sept. 25, 2013) (in a design defect claim, plaintiff must identify some defect in design of product to survive Rule 12(b)(6) motion to dismiss); *Adams v. Energizer Holdings, Inc.*, No. 3:12CV797, 2013 WL 179137 3, at *2 (S.D. Miss. Apr. 19, 2013); *Deese v. Immunex Corp.*, No. 3:11-CV-373-DPJ-FKB, 2012 WL 463722, at *3 (S.D. Miss. Feb. 13, 2012). The Plaintiff also alleges that the defect proximately caused the injury for which she is seeking recovery. *See Adams*, 2013 WL 1791373, at *2 (in a design defect claim, plaintiff must allege that the alleged defect proximately caused the harm for which recovery is sought); *Chatman v. Pfizer, Inc.*, No. 5:11CV69, 2013 WL 1305506, at *4 (S. D. Miss. Mar. 28, 2013). Finally, Plaintiff alleges that a feasible design alternative existed that would have to a reasonable probability prevented the harm. *See Adams*, 2013 WL 1791373, at *2 (in a design defect claim, plaintiff must allege that a feasible alternative design exists); *Chatman*, 2013 WL 1305506, at *4. Because the Plaintiff filed an amended complaint, curing any potential pleading defects in her original complaint by sufficiently alleging a design defect claim under Mississippi law, the moving Defendants' motion to dismiss is denied as moot.

*Conclusion*

For all of the reasons fully explained above, the moving Defendants' Motion to Dismiss [48] is DENIED as MOOT without prejudice to refiling of the same.

SO ORDERED on this the 12th day of February, 2018.

                                      /s/ Sharion Aycock  
                                      UNITED STATES DISTRICT JUDGE