UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TONIA HARVEY                                                                                    PLAINTIFF

V.                                                                              CASE NO. 1:16-CV-171-SA-DAS

GUANGDONG KISENSE CO., LTD.                                                         DEFENDANT

ORDER AND JUDGMENT

On September 12, 2019, the Plaintiff filed a Motion for Award of Damages [116], wherein she requests that the Court award her damages against Guangdong Kisense Co., Ltd. The Court held a hearing on the Plaintiff's Motion [116] on September 15, 2020, and is now prepared to rule.

*Factual and Procedural Background*

On January 5, 2018, the Plaintiff filed her Third Amended Complaint [73]. Harvey alleged that on February 24, 2016, she was cooking a meal using a pressure cooker when "[s]uddenly and unexpectedly, the food contents of the device exploded out and made contact with her body." [73, p. 2]. Harvey suffered burn injuries, requiring extensive medical treatment.

The Plaintiff thereafter initiated suit for strict liability in this Court. She named as defendants two Chinese entities—Golden Dragon Sourcing Ltd. and Guangdong Kisense Co., Ltd., alleging that both entities manufactured this particular type of pressure cooker and placed them in the stream of commerce with the awareness that those goods would be purchased by consumers in Mississippi. In other words, she alleged that one of these Chinese entities was responsible for manufacturing the subject cooker. Harvey also named as defendants the seller of the product, Seventh Avenue, Inc., and the importer of the product, National Quality Products, LLC.

Golden Dragon was later dismissed *without prejudice* via an Agreed Order [103]. On May 15, 2019, Magistrate Judge Sanders held a settlement conference between the parties, and Harvey ultimately entered into a confidential settlement agreement with Seventh Avenue and National Quality. *See* [112-113].

Although Harvey's claims against all other Defendants have now been resolved, Guangdong has never entered an appearance or in any way attempted to defend this matter. The Plaintiff went to great lengths to notify Guangdong of this action, complying with the Federal Rules of Civil Procedure and the Hague Convention. The Court ultimately entered a Default Judgment [89] against Guangdong on November 27, 2018.[1] The Plaintiff then filed the present Motion for Award of Damages [116], requesting that the Court enter a damages award against Guangdong.

As noted above, the Court, in accordance with Rule 55(b) of the Federal Rules of Civil Procedure, held a hearing on the Plaintiff's Motion [116] for the purpose of determining the appropriate amount of damages to award the Plaintiff against Guangdong. Despite notice of the hearing being placed on the Court's docket, Guangdong did not appear for the hearing. During the hearing, the Court heard testimony from the Plaintiff and admitted exhibits regarding the extent of the Plaintiff's injuries and the damages she suffered as a result of this incident. The Court has considered the testimony and exhibits in determining an appropriate amount of damages that the Plaintiff should be awarded.

---

[1] Although the Default Judgment [89] was entered without Guangdong having been served with process, on August 24, 2020, the Plaintiff filed a Return of Service [121] indicating that Guangdong was served with process on June 15, 2020. However, Guangdong still has not appeared to defend itself in this action.

*Analysis and Discussion*

"The basic principle of compensatory damages is that the injured party should be made whole by being compensated fully for any losses [she] has sustained." *Jimenez v. Paw-Paw's Camper City, Inc.*, 2002 WL 257691 at *10 (E.D. La. Feb. 22, 2002) (quoting *Wilkerson v. Ingalls Shipbldg., Inc.*, 125 F.3d 904, 907 (5th Cir. 1997)). "[T]he elements of damages allowable in comparable common law tort actions for physical injury guide the determination of compensatory damages, which can include, among other things, damages for loss of earnings, pain and suffering, past and future medical expenses, and mental and emotional distress." *Johnson v. Williams*, 2018 WL 7324851 at *4 (N.D. Miss. Aug. 31, 2018) (citing *Carey v. Piphus*, 435 U.S. 247, 254, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978); *Cowart v. Erwin*, 837 F.3d 444, 455 (5th Cir. 2016)).

At the hearing, the Plaintiff provided an explanation of the injuries she suffered. She explained the significant medical treatment she received for the burns she incurred. She was treated at Merit Health Center shortly after the incident and later received treatment at Joseph M. Still Burn Center. The Plaintiff provided documentation regarding that treatment. While her health insurance company paid a large amount of the medical expenses Harvey incurred, she paid approximately $3,000 in out-of-pocket expenses.[2] Further, while she did not testify as to her specific amount of lost wages, the Plaintiff missed over a month of work because of the incident.

The Court has also reviewed photographs of the scarring the Plaintiff incurred due to the incident. The photographs were taken several years ago, but Harvey testified that the scarring to her face, arms, and chest remains unchanged. Though the pain from her injuries has largely

---

[2] The Court notes that, during the hearing, Plaintiff's counsel indicated that all liens concerning the Plaintiff's medical treatment have been fully resolved.

3

subsided at this point, the Plaintiff testified, as would be expected, that she experienced extensive pain immediately after the accident and for a period of time thereafter. Overall, the Court found Harvey's testimony to be credible and finds that she is entitled to a damages award.

Taking into account the Plaintiff's testimony and the exhibits introduced at the hearing, the Court hereby awards the Plaintiff $150,000.00 in compensatory damages. The Court finds that this amount will compensate the Plaintiff for the injuries she incurred, thereby serving the underlying purpose of compensatory damages. *See Jimenez*, 2002 WL 257691 at *10. In addition, recognizing that the Plaintiff has previously resolved all claims against the other Defendants, the Court hereby specifically finds that those Defendants should not be jointly and severally liable for this amount. Rather, Guangdong is solely liable for this damages award.

*Conclusion*

The Plaintiff's Motion [116] is GRANTED. Tonia Harvey is hereby awarded damages against Guangdong Kisense Co., Ltd. in the amount of $150,000.00. Guangdong Kisense Co., Ltd. shall be solely responsible for the satisfaction of this amount.

SO ORDERED, this 21st day of September, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE